UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LARRY R. BERNARD (#108810)                                CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                     NO. 10-0545-JJB-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, April 6, 2011.

                                    _____
                                    MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LARRY R. BERNARD (#108810)**                                            **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                                 **NO. 10-0545-JJB-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motions to Dismiss, rec.doc.nos. 11 and 15. These motions are not opposed.

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Howard Prince and Lt. Keith Robinson, complaining that his constitutional rights were violated on September 1, 2009, when defendant Robinson sprayed a chemical agent into the plaintiff's cell because of a dispute between the plaintiff's cellmate and a security officer. In addition, when the plaintiff filed an administrative grievance complaining of defendant Robinson's wrongful conduct and requesting that inmates not be double-celled in extended lockdown at EHCC, defendants Prince and LeBlanc failed to take any action to rectify this situation.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in <u>Ashcroft v. Iqbal</u>, ____ U.S. ____, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the "formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

Initially, the defendants correctly point out that it is unclear from the allegations of the plaintiff's Complaint whether he has sued the defendants in their individual and/or their official capacities. However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, in Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity suits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. Accordingly, the defendants' motions are well-taken in this regard, and the plaintiff's claim for monetary damages asserted against the defendants in their official capacities should be dismissed. That being stated, the plaintiff has also named the defendants in their individual capacities, and a suit against a state official in his individual capacity, seeking monetary damages and seeking to impose individual liability upon a government official for actions taken by the official under color of state law, is not treated as a suit against the state. Hafer v. Melo, supra. Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, has intentionally caused the deprivation of the plaintiff's federal rights, is sufficient to establish personal liability in a § 1983

lawsuit.[1]  For this reason, the granting of the defendants' Motions to Dismiss is limited to a dismissal of the plaintiff's claims asserted against the defendants in their official capacities.

Defendants James LeBlanc and Howard Prince next assert the defense of qualified immunity.[2]  Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  Hale v. Townley, 45 F.3d 914 (5th Cir. 1995).  As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights.  Second, the district court looks to whether the rights allegedly violated were clearly established.  This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition.  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful

---

[1] Further, a state official, when sued for injunctive and/or declaratory relief, is not a prohibited defendant because official capacity actions for equitable relief are not treated as actions against the state.  Will v. Michigan Department of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989).  See also 15 Am.Jur.2d Civil Rights § 101.

[2] Although defendant Robinson's Motion to Dismiss seeks dismissal of the plaintiff's claims asserted against this defendant in the defendant's official capacity, the motion does not otherwise substantively address the plaintiff's claims or seek a dismissal based on qualified immunity.

<u>in the situation which he confronted</u>.  <u>Id.</u>[3]

Undertaking the <u>Saucier</u> analysis, the Court concludes that the defendants' motion is well-taken, and that they are entitled to qualified immunity in connection with the plaintiff's claims asserted against them.

Initially, with regard to the plaintiff's claim of excessive force, he has failed to allege that defendants LeBlanc or Prince had any direct or personal participation in the incident occurring on September 1, 2009. In this regard, pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  <u>Lozano v. Smith</u>, 718 F.2d 756, at 768 (5th Cir. 1983).  Any allegation that defendants LeBlanc or Prince are responsible for the actions of their subordinates or co-employees is alone insufficient to state a claim under § 1983.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.  <u>Lozano v. Smith</u>, <u>supra</u>.

Applying this standard in connection with the plaintiff's claim of

---

[3] The United States Supreme Court has recently held that rigid chronological adherence to the <u>Saucier</u> two-step methodology is no longer mandatory.  <u>Pearson v. Callahan</u>, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).  Although the <u>Saucier</u> methodology will be "often beneficial", the <u>Callahan</u> Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

excessive force, the Court concludes that the defendants' motion is well-founded.  There is no suggestion that either Secretary LeBlanc or Warden Prince was present on the plaintiff's cell tier when defendant Robinson allegedly utilized a chemical agent on September 1, 2009.  As Secretary of the Louisiana Department of Public Safety and Corrections and Warden at EHCC, respectively, it is clear that these defendants stand principally in a supervisory role in connection with the operation of the prison.  Accordingly, inasmuch as there is no assertion by the plaintiff that either of these defendants had any personal or direct participation in the incident complained of, there is no basis for the imposition of liability against them in connection with this claim.  See Thompson v. Steele, 709 F.2d 381 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983) ("Personal involvement is an essential element of a civil rights cause of action.").

The plaintiff also complains regarding an alleged wrongful policy or practice at EHCC of double-bunking inmates in extended lockdown.  This policy or practice, however, does not, without more, rise to the level of a constitutional violation.  In Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 91979), the United States Supreme Court indicated that there is no constitutional principle requiring "one man, one cell."  Nor is "double celling" or the overcrowding of inmates a per se unconstitutional condition.  Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); Duncan v. Puckett, 91 F.3d 137 (5th Cir. 1996) (claim of being placed "in a single cell with another inmate" dismissed as frivolous); Thompson v. Stalder, 2008 WL 874138 (M.D. La., April 1, 2008) ("[T]he law is clear that the mere fact that an inmate may be double-celled for a period of time does not, as a matter of law, state a claim of constitutional dimension.  It has been held that such a claim, without more, does not violate an inmate's constitutional rights.");

Higgins v. Jefferson Parish Prison, 1988 WL 24137 (E.D. La., March 7, 1988) (claim of being housed in a cell with another inmate dismissed as frivolous). Further, the plaintiff does not complain that he has experienced any conflict with his cellmate in fact. Instead, the plaintiff complains only that, because of a conflict which existed between his cellmate and a security officer, the plaintiff was subjected to second-hand exposure to a chemical agent which was intended for the cellmate. in the Court's view, this does not rise to the level of a constitutional violation. Accordingly, the plaintiff's claim relative to this alleged wrongful policy or practice should be dismissed.

To the extent that the plaintiff's Complaint may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over the plaintiff's state law claims, a district court is authorized to decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, based upon the record herein, the Court concludes that it is appropriate for the Court to decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the Court decline to exercise supplemental jurisdiction, that the defendants' Motions to Dismiss, rec.doc.nos. 11 and 15, be granted, dismissing the plaintiff's claims asserted against the defendants in their official capacities and dismissing the plaintiff's claims asserted against defendants James LeBlanc and Howard Prince, with prejudice, and that this action be referred back for further

proceedings in connection with the plaintiff's claims asserted against defendant Keith Robinson in the defendant's individual capacity.

Signed in chambers in Baton Rouge, Louisiana, April 6, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**