UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LARRY R. BERNARD (#108810)**                              CIVIL ACTION

**VERSUS**

**JAMES LeBLANC, ET AL.**                                   NO. 10-0545-JJB-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, October 26, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LARRY R. BERNARD (#108810)**                                    **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                          **NO. 10-0545-JJB-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of defendant Keith Robinson, rec.doc.no. 24. This motion is opposed.

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Howard Prince and Lt. Keith Robinson, complaining that his constitutional rights were violated on September 1, 2009, when defendant Robinson sprayed a chemical agent into the plaintiff's cell because of a dispute which had arisen between the plaintiff's cellmate and a security officer. In addition, when the plaintiff thereafter filed an administrative grievance complaining of defendant Robinson's wrongful conduct and requesting that inmates not be double-celled in extended lockdown at EHCC, defendants Prince and LeBlanc failed to take action to rectify this situation. Pursuant to earlier Magistrate Judge's Report, approved by the District Judge on May 9, 2011, see rec.doc.nos. 16 and 23, the Court has dismissed the plaintiff's claims asserted against defendants LeBlanc and Prince, with prejudice, has dismissed the plaintiff's claims asserted against the remaining defendant, Keith Robinson, in the defendant's official capacity, and has declined to exercise supplemental jurisdiction over the plaintiff's state law claims.

The defendant now moves for summary judgment relying upon the

pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, a Warden's Unusual Occurrence Report dated September 1, 2009, authored by defendant Robinson, two (2) Disciplinary Reports dated September 1, 2009, charging the plaintiff's cellmate, Daniel Brown, with "Aggravated Disobedience" and "Defiance", a form signed by co-inmate Daniel Brown on September 2, 2009, waiving his appearance at a disciplinary board hearing conducted on that date, EHCC Institutional Policy No. 300-A1 (relative to "Use of Force"), EHCC Institutional Policy No. 300-A25 (relative to "Restraints/Inmate Control"), and the affidavits of Rhonda Z. Weldon and defendant Keith Robinson.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. If the moving parties carry his initial burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that he is entitled to a verdict in his favor. Anderson, supra. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). Rather, Rule 56 mandates

that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, supra. Summary judgment is also appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. Little, supra, 37 F.3d at 1076. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257 (5th Cir. 1994), cert. denied, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

In response to the plaintiff's allegations, the defendant invokes the defense of qualified immunity. Specifically, the defendant contends that the plaintiff will be unable to make a sufficient showing of conduct on the defendant's part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general

proposition.  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.  Id.[1]

Undertaking the Saucier analysis, the Court concludes that the defendant's motion is well-taken, and that the defendant is entitled to qualified immunity in connection with the plaintiff's claim asserted herein.

In his Complaint, the plaintiff alleges that on September 1, 2009, he was eating lunch in his cell when his cellmate, co-inmate Daniel Brown, became involved in a verbal confrontation with a security officer.  As a result of this confrontation, defendant Keith Robinson was notified, came to the cell tier, and proceeded to spray a chemical agent into the plaintiff's cell.  The plaintiff complains that his lunch was ruined as a result of the chemical agent and that he thereafter experienced "severe migraine headaches, eye irritation, difficult breathing, nauseous, dizziness and lost [sic] of appetite."  He asserts that the actions of defendant Robinson were unnecessary and unprofessional and that it was unfair for the plaintiff to be punished for his cellmate's bad conduct.[2]

The defendant responds to the plaintiff's allegations with the

---

[1] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory.  Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).  Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

[2] The plaintiff also complains in his Complaint that the practice of double-celling inmates at EHCC is unconstitutional and that his administrative grievance was mishandled.  These claims, however, have already been addressed and rejected in the previous Report and Recommendation.  Accordingly, to the extent that the plaintiff's Complaint may be interpreted as asserting these claims against defendant Robinson, the claims should be dismissed for the reasons stated therein.

assertion that on September 1, 2009, due to a disturbance created by the plaintiff's cellmate, the defendant sprayed a brief 2 or 3 second burst of chemical agent into the cell in an effort to obtain the cellmate's compliance and to restore order on the tier.  The defendant further asserts that EHCC rules and regulations for the application of chemical agent were followed, that the use of chemical agent was justified to quell the disturbance caused by the cellmate when the cellmate repeatedly refused orders to come to the bars of the cell to be restrained, and that there was no intent to cause the plaintiff pain or injury.  Finally, the defendant asserts, as conceded by the plaintiff, that the plaintiff was taken to the infirmary after the incident and was given a clean jumpsuit and allowed to take a shower.

First, to the extent that the plaintiff complains of the application of mace to the offending co-inmate, the law is clear that the plaintiff lacks standing to assert the civil rights of a third person injured by the defendant's alleged unlawful conduct.  Coon v. Ledbetter, 780 F.2d 1158, 1160 (5th Cir. 1986).  Accordingly, the plaintiff may not be heard to complain of any wrongdoing undertaken by defendant Robinson in connection with the co-inmate.

Turning to the plaintiff's claim that defendant Robinson violated the plaintiff's constitutional rights by subjecting the plaintiff to an indirect and secondary exposure to a chemical agent, it is well-settled that the Eighth Amendment to the United States Constitution prohibits only the wanton and unnecessary infliction of pain.  Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  Whether the plaintiff's claim may be characterized as one of excessive force or one of exposure to inhumane conditions of confinement, or a combination of both, the Court fails to discern a constitutional violation in the facts

alleged. First, force is violative of the Constitution only if it is applied maliciously, for the very purpose of causing harm rather than in a good faith effort to maintain order or restore discipline. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Further, in evaluating a conditions-of-confinement claim, it is appropriate to apply the "deliberate indifference" standard articulated in Estelle, supra. Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). A prison official acts with deliberate indifference when he is both aware of facts from which an inference may be drawn that a substantial risk of serious harm exists to an inmate, and when the official in fact draws that inference. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Accordingly, in order to establish an Eighth Amendment claim in the instant case, the plaintiff must allege and show either that defendant Robinson intended to cause the plaintiff harm or was subjectively aware of a substantial risk of serious harm which the defendant ignored.

This is a burden that the plaintiff has not met and cannot meet in this case. Specifically, there is insufficient evidence to support a finding that the defendant intended to cause the plaintiff harm. It is undisputed that the chemical agent which was utilized in the plaintiff's cell on September 1, 2009, was principally directed at the co-inmate who had admittedly caused a disturbance on the cell tier and had thrown a food tray out into the tier hallway. The plaintiff concedes that the co-inmate was responsible for causing this disturbance and, accordingly, effectively concedes that the chemical agent to which the plaintiff was exposed was, for the most part if not entirely, directed at the co-inmate. Accordingly, the plaintiff's exposure was largely indirect and purely secondary to the defendant's action in responding to the co-

inmate's actions.  Nor does the plaintiff allege that he advised the defendant prior to the application of irritant spray – or that the defendant was otherwise aware – that the plaintiff required special treatment or accommodation, for medical reasons or otherwise, prior to the use of the irritant spray.

Finally, the plaintiff's Complaint is unsworn, and he has introduced no affidavits or documentary evidence to refute the defendant's sworn assertions.  There is thus no competent summary judgment evidence before the Court to refute the defendant's sworn statement that the chemical agent was utilized solely to respond to the co-inmate and that there was no intent whatever to cause the plaintiff pain or harm.

The law is well-settled that a party may not rest upon mere allegations or denials contained in his pleadings in opposing a motion for summary judgment.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); <u>Jacquez v. Procunier</u>, 801 F.2d 789 (5th Cir. 1986).  In order to meet his burden, the party opposing a motion for summary judgment "may not sit on [his] hands, complacently relying" on the unsworn pleadings.  <u>Weyant v. Acceptance Ins. Co.</u>, 917 F.2d 209 (5th Cir. 1990).  The non-moving party must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial such that a rational finder of fact could return a verdict in his favor.  <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986). Accordingly, although the plaintiff in the instant case asserts, in his opposition to the defendant's motion, that the offending co-inmate was no longer causing a disturbance when defendant Robinson approached the cell and that the co-inmate never refused to come to the bars of the cell

to be restrained, these assertions are not supported by any competent summary judgment evidence. As noted, the plaintiff's Complaint is unsworn, and he has not introduced any documentary materials, affidavits or sworn statements which contradict the defendant's sworn assertions. Accordingly, on the evidence before the Court, no reasonable juror could find that the defendant's actions amounted to an intentional infliction of harm or to deliberate indifference to the plaintiff's health or safety. There is thus no question of fact as to this issue, and the defendant is entitled to summary judgment as a matter of law.

Finally, the plaintiff complains that his meal was ruined as a result of the chemical agent and that he was therefore deprived of a meal on September 1, 2009. The United States Constitution, however, imposes upon prison officials only minimal requirements in the treatment and facilities which they provide to prisoners. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." Harris v. Angelina County, Texas, 31 F.3d 331 (5th Cir. 1994), citing Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Second, under a subjective standard, the Court must determine that the prison official responsible for the deprivation was "'deliberately indifferent' to inmate health or safety". Farmer v. Brennan, supra. As noted above, a prison official must both be personally aware of facts from which an inference may be drawn that a substantial risk of serious harm exists, and the official must also have drawn the inference. Farmer v. Brennan, supra.

In the instant case, there can be no question that the denial of a single meal on a single date does not amount to a deprivation of a basic

human need or to a deprivation of life's necessities so as to state an Eighth Amendment violation. See Thomas v. Owens, 345 Fed.Appx. 892 (5th Cir. 2009) (holding that prisoner's claim, inter alia, that he was denied five consecutive hot meals did not state a claim of constitutional dimension). Accordingly, the plaintiff's claim in this regard cannot rationally be equated to "cruel and unusual punishment" since the deprivation was not so extreme as to "rise to a level that results in physical torture". See Bradley v. Puckett, 157 F.3d 1022 (5th Cir. 1998). Further, even were the plaintiff to establish an Eighth Amendment violation relative to this claim, the Court would still be compelled to recommend dismissal. Pursuant to 42 U.S.C. § 1997e(e), in order for an inmate to recover damages for mental or emotional injury, he must show that he has suffered an actual physical injury. See Alexander v. Tippah County, Miss., 351 F.3d 626 (5th Cir. 2003), cert. denied, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004). In the instant case, the plaintiff makes no attempt to assert that he suffered any physical injury or harm as a result of the deprivation of his meal on September 1, 2009. Accordingly, there is no basis for the imposition of liability against the defendant in connection with this claim, and this action should be dismissed.

## RECOMMENDATION

It is recommended that the defendant's Motion for Summary Judgment, rec.doc.no. 24, be granted, dismissing the plaintiff's claims, with prejudice, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, October 26, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**